United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30081
Summary Calendar

KATHERINE KINCHEN,

Plaintiff-Appellant,

versus

TECHE ACTION BOARD, Etc.; et al.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 01-CV-803)

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Katherine Kinchen appeals the judgment entered against her in her medical malpractice suit tried to the court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  We have reviewed the record and conclude that the court did not clearly err in finding that Kinchen failed to carry her burden of establishing a causal connection between the alleged breach in the standard of care and the course of her kidney disease.  The trial consisted of testimony of the treating physician and expert testimony, which was conflicting on the issues of negligence and causation.

Kinchen's expert testified that the treating physician should have ordered more lab tests and should have referred Kinchen to a kidney specialist.  The government's expert, Dr. Lamarche, essentially testified that more testing or a referral most likely would not have changed the course of treatment or the course of plaintiff's kidney disease.  We agree with the government that the causation finding is a factual finding subject to review for clear error.  We cannot say that the district court's finding on this issue was clearly erroneous, that the court erred in giving more weight to the government's expert witness, given Lamarche's credentials and the substance of his testimony, or that the district court misunderstood the legal standard for causation under applicable Louisiana law.

AFFIRMED.